People v Fuller (2023 NY Slip Op 00218)

People v Fuller

2023 NY Slip Op 00218

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2019-13142
 (Ind. No. 5084/16)

[*1]The People of the State of New York, respondent,
v
Gabriel Fuller, appellant.

Twyla Carter, New York, NY (David Crow and Dechert, LLP [Andrew J. Levander, May K. Chiang, Amy ElSayed, and Tooba Hussain], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Andrew S. Durham of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered October 29, 2019, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), criminal possession of stolen property in the fifth degree (three counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Deborah A. Dowling, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification evidence, and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted, on an acting in concert theory with two codefendants, after a jury trial, of robbery in the first degree (three counts), robbery in the second degree (three counts), criminal possession of a weapon in the second degree (two counts), and related charges, in connection with an armed robbery in a residential building located in Brooklyn in June 2016. Although his codefendants were arrested at the scene, the defendant was separately arrested after one of the responding officers saw him emerging from a driveway shared by two houses whose backyards were adjacent to the rear of the building where the offense occurred. At the suppression hearing, the arresting officer testified that the defendant did not answer his questions, but instead ran away, after which the officer pursued.
On appeal, the defendant argues, inter alia, that the items recovered from his person upon his arrest, including a cell phone containing certain text messages and a significant amount of cash, identification evidence from a showup identification procedure, and certain pretrial statements he made to law enforcement officials, should have been suppressed because the arresting officer lacked both reasonable suspicion to justify pursuit, as well as probable cause to arrest the defendant after he ceased his flight.
As the People did not offer at trial evidence of the identification of the defendant by the complainant during a showup identification procedure at the scene of the crime, the defendant's contention that the Supreme Court erred in failing to suppress this evidence is academic (see People [*2]v Frantz, 1 AD3d 455, 456). In any event, assuming, without deciding, that the court should have granted those branches of the defendant's omnibus motion which were to suppress physical evidence, identification evidence, and his statements to law enforcement officials, we find that "the proof of defendant's guilt was overwhelming, even after excising the disputed evidence," and "no reasonable possibility exists that admission of that evidence contributed to defendant's conviction" (People v Perez, 36 NY3d 1093, 1093-1094). Accordingly, under the circumstances of this case, any such "violation of defendant's constitutional right was harmless beyond a reasonable doubt" (People v Lewis, 23 NY3d 179, 189; see generally People v Mairena, 34 NY3d 473, 477; People v Crimmins, 36 NY2d 230, 237).
The defendant's remaining contentions are academic in light of our determination and, in any event, without merit.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court